## KAIN v. WALKE.

1. In a suit against the assignor of a note, by the assignee, the allegation, that the plaintiff commenced a suit against the maker, to the first court, &c. is sustained by the production of the record of a suit, commenced in the name of the payee, for the use of the plaintiff, if the judgment is still in force, unreversed.

2. The death and insolvency of the maker of a note, is a sufficient excuse for the failure to prosecute a suit against him, to a return of "no property found" by the sheriff.

Error to the County Court of Marengo.

ASSUMPSIT by the plaintiff in error, as assignee, to recover of the defendant in error as assignor, of a promissory note, made by Spencer Roane.

The declaration contains three counts. The first is in the usual form, alledging, that after the indorsement, "he commenced a suit by *capias*, issued the 10th April, 1839, founded upon said promissory note, and returnable to the then next term of Marengo county, being the first court to which suit could be brought after the indorsement of said note to the plaintiff," &c.

The second count offers, as an excuse for not returning the execution, "no property found," that after the execution was issued on the judgment against Roane, he gave security, and prosecuted a writ of error to the circuit court, and that the execution was returned superseded by the sheriff. That Roane died, and the writ of error abated, and that Roane was wholly insolvent after his death. The third count, in addition to these facts, alledges that the sureties of Roane to the writ of error bond, were insolvent.

The defendant demurred to the two last counts of the declaration, and his demurrer was sustained by the court.

Upon the trial, the plaintiff offered in evidence, under the first count of his declaration, the record of a suit instituted against the maker of the note by him, in the name of the payees of the note, for his use, which on motion the court rejected, and he excepted. This, together with the judgment of the court, on the demurrer, to the two last counts of the declaration, are now assigned as error.

Johns, for plaintiff in error.

Although a suit brought by the payee for the use of the indorser, is an acknowledgment that the legal title is in the indorser, yet an indorsement in blank has not that effect; but if it has, the indorser in this case has no right to take advantage of the error, and plaintiff ought to be permitted to explain the manner of suit and the nature of the indorsement. [Hunt, use, &c. v. Stewart, 7 Ala. Rep. 525; Burdick v. Green, 15 Johns. 247; U. S. v. Barker, Paines, 156; 1 G. & Johns. 175.]

The above are all cases between payee, who had indorsed the cause of action, and the maker. The maker in this case did not avail himself of this advantage, and no one else can. This being a blank indorsement, the indorser cannot in this suit avail himself of the error in the original suit. [2 Rich. 332; 15 Wend. 640; 11 Id. 27; 7 Cowen, 174; 11 Johns. (52) 57; 19 Pick. 43.]

The averment in the declaration that Roane died insolvent, and that his securities were insolvent, is sufficient excuse for not having a return of no property. [Thompson v. Armstrong, Breese, 23.]

24

No counsel appeared for the defendant.

ORMOND, J.—The case of Bates v. Ryland, 6 Ala. 675, is a conclusive authority, that the death and insolvency of the maker of a note, is a sufficient excuse for the failure to prosecute a suit against him, to a return of "no property found" by the sheriff. This is the excuse offered, for the omission in those counts of the declaration to which the demurrer was sustained, for the failure to alledge, that the statute condition had been performed. The court should not therefore have sustained the demurrer for this cause, and no other has been brought to our notice, or been observed by us, which would justify it. [See also Clair v. Barr, 2 Bibb, 255.]

The act defining the liability of indorsers, gives this right to the assignee, " provided suit be brought to the first court of the county where the maker resides, to which suit can be brought, and if he shall fail to sue the maker to the first court, as herein provided for, the indorsee shall be discharged from liability, unless suit shall be delayed by his consent." The right of the assignee, to recover of the assignor, is made to depend upon the bringing of a suit against the maker, to the first court, and in our judgment this condition of the statute is complied with, when a suit is instituted against the maker, upon the note, and a judgment obtained, upon which an execution could issue against him. The objection in this case, is understood to be, that the suit against the maker was not brought in the name of the assignee, but in that of the payee for his use. This mode of bringing the suit, might be necessary in the case of an irregular indorsement, and is not in our opinion a matter, which the assignor can object to. If a suit is in fact brought against the maker to the first court, and an execution returned no property found ; or if a valid excuse is offered for the omission to produce the statutory evidence, afforded by the return of the sheriff, the statute is complied with. We think therefore, the allegation, that the plaintiff commenced a suit against the maker, is proved by the

production of the record, of a suit commenced in the name of the payee, for the use of the plaintiff.

What would be the effect upon the rights of the assignee, where a judgment so obtained, was reversed by the maker, we need not consider, as the judgment offered in evidence in this case is still in force.

Let the judgment be reversed, and the cause remanded.