## SCHAEFER v. ADLER AND BROTHER.

1. A statement in an appeal case, brought against au indorser, which alledges, that F. Schaefer, the payee, indorsed the note to the plaintiffs, that they sued the maker thereon, within thirty days after its maturity, reco vered a judgment in that suit, on which a *fieri facias* was issued, and placed in the hands of a constable of Talladega, (the county of the maker's residence,) which has been returned uo property found, is sufficient.

2. When the maker of a note, in the suit against him, yields to the jurisdiction, it is a waiver of any irregularity, which may exist, and the indorser of the note, when sued on his endorsement, cannot take advantage of it.

Error to the Circuit Court of Talladega  Before the Hon. G. W. Stone.

THE suit was commen ced before a justice of the peaèe, by the defendants in error, against the plaintiff in error, as endorser of a sealed note, made by one Jesse Moody. They obtained judgment before the justice, and he appealed to the circuit court. In that court the plaintiffs filed a declaration, in which they alledged, "that they held a sealed note, in words and figures, substantially as follows. One day after date, I promise to pay Dr. F. Schaefer, thirty -two dollars,

two dollars, for value received; witness my hand and seal, this 18th Dec'r, 1847. Jesse Moody, (seal.) Which said sealed note was endorsed by said payee as follows—Fr. Schaefer; and was by him then transferred, and delivered to plaintiffs. And the plaintiffs then brought suit on said endorsed note, against said Jesse Moody, within thirty days after the same became due, and payable, and prosecuted said suit to judgment, and execution, by writ of *fieri facias*, was sued out, and placed in the hands of a constable of Talladega county, being the county of the residence of said Moody, and was by him returned no property found in my county. In consideration whereof, the defendant became liable," &c.

The defendant demurred to this statement, and his demurrer being overruled, he pleaded the general issue. The plaintiff then, in addition to the note, and endorsement, produced the proceedings in the warrant against Moody; from which it appeared, that the warrant was not served on Moody, but was returned endorsed, " I accept service of the within, Jesse Moody." Judgment was rendered against Moody by default, and the justice who rendered the judgment, testified that Moody signed the acceptance of service of the warrant, but no proof was made before him, of the acceptance by Moody of the service of the warrant. The return of no property, on the execution against Moody, was also proved.

The defendant moved the court to charge, that this testimony was not sufficient to authorize a recovery against the defendant, which the court refused to give, and he excepted. This is now assigned as error.

RICE and MORGAN, for plaintiff in error.

1. A declaration is defective, which sets forth that the plaintiffs " hold a sealed note," executed by Jesse Moody to " Dr. F. Schaefer," and " endorsed by said payee as follows, 'fr. Schaefer' ", but does not show who is the defendant, nor whether the suit is against the maker or endorser, nor whether the defendant upon whom process was served, ever did make or endorse the note.

2. On demurrer to such a declaration, the court cannot infer that the defendant upon whom process was served, is the

same man who was the payee and endorser of said note, especially when there is no averment of such identity. Desha, Sheppard & Co. v. Stewart, 6 Ala. R. 852.

3. A declaration against an endorser of a note, is defective, if it does not show "the issuance and return of the execution against the maker, before the commencement of the action." 4 Ala. 534.

4. As against an endorser, a judgment against the maker is void, when it is rendered without service of process, and without any proof made at the rendition of such judgment, that service of process was accepted by the maker. The judgment being void when thus rendered, cannot be made valid by proof submitted on the trial against the endorser, that the maker did accept service of the process—as this only shows that the proof of acceptance of service could have been made. Spence v. Rutledge, 11 Ala. Rep. 561.

5. A judgment rendered by a justice of the peace in Talladega, on the 25th of December, 1847, on the mere endorsement on the process, of acceptance of service by the maker, on the 22d day of December, 1847, is wholly void, and cannot charge an endorser. Pamphlet acts of 1839-40, p, 137.

Nicks, contra.—The statement or declaration filed in a case commenced before a justice of the peace, and removed into the circuit court by appeal, is not subject to the technical rules of pleading : so a statement in such case need not be laid with a venue, nor do more than show in general terms, the cause of action sued upon, and breach. Hawks v. Henson & Patterson, 4 Porter's R. 509.

2. The statement in this case, sets out the note ; avers its endorsement and transfer, that the maker was prosecuted to insolvency in a suit commenced within thirty days ; and in consideration of the premises, the defendant became liable to pay, and promised to pay, but that he has failed and refused to do so.

3. The case was carried to the circuit court by defendant: the warrant, the judgment in the justice's court, the appeal bond, all show that F. Schaefer was the defendant.

4. A judgment recovered against the maker of indorsed paper, in a suit commenced within thirty days, (when under a

justice's jurisdiction,) and a *fieri facias* returned by the proper officer, "no property found," are the only material matters to fix the liability of the indorser.   Clay's Digest, 383, § 16.

5.  A judgment until reversed, is as between the parties to it, and upon the matters determined as a plea, or bar, or as evidence, conclusive.   Trustees of the University of Alabama v. Keller, ex'x., 1 Ala. Rep. 406.

COLLIER, C. J.—It is certainly true that the statement of the cause of action which the statute requires to be filed, where a cause is removed by appeal from a justice of the peace to a higher court, need not be as precise and complete as a declaration, in alledging all the facts of which the defendant's liability is predicated.    Hanks v. Hinson & Patterson, 4 Port. R. 509.   In the case at bar, the bill single designates its *payee* as "Dr. F. Schaefer," and the statement alledges that "Fr. Schaefer," the *payee* indorsed it, that the indorsees sued the maker thereon within thirty days after its maturity, recovered a judgment in that suit, on which a *fieri facias* was issued, and placed in the hands of a constable of Talladega, (the county of the maker's residence,) which had been returned "no property found."   The mere recital of the statement is quite sufficient to show that it is unexceptionable—in fact it is a full disclosure of the plaintiff's ground of action, and is more special than is usual, or perhaps strictly necessary in such cases.   If a special answer to the objections of the plaintiff in error be necessary, it may be answered, *first*, the statement explicitly shows, that the payee and indorser are the same individual: *second*, that it must be intended, that the execution against the maker was issued and returned before the institution of the suit against the indorser, and the allegation throws upon the plaintiff the *onus* of proving it: *third*, as to the maker's residence in Talladega, when the suit was brought, the statement required the plaintiff to show, that it was instituted in the proper county.   The conclusions seem to us to be axiomatic, and we will not amplify this opinion by attempting to illustrate them.

In respect to the objection that there was *no proof made before the justice of the peace,* that the acknowledgment of service indorsed on the warrant against the maker was genuine, it may be answered, that the omission to prove that fact could not in any manner affect the validity of the judgment, even in a direct proceeding at the suit of the *maker.* Appeals from justices of the peace are directed to be tried *de novo,* and it would be altogether competent to sustain the judgment of the justice, in the appellate court, by proving the warrant was served, or its service acknowledged as the indorsement imports. If the maker admits himself properly in court, it cannot be allowable for the indorsee to insist that he was not, or require the fact to be proved ; and in making such proof, the defendants did even more than the law required.

We will not stop to inquire, whether the time intervening the issuing or serving, and the return of the summons against the maker, was as long as the law prescribes ; for however this may be, an irregularity in this respect is not an incurable defect, even as between the parties ; and if the maker had notice, and yielded to the jurisdiction of the justice he will be taken to have waived the irregularity. The defendant, the indorser, cannot certainly raise the objection, as it does not render the judgment a nullity. From this view it results, that the judgment of the circuit court is affirmed.