## GRIFFIN ET AL. *vs.* RYLAND & BURNS, Ex'Rs.

[PETITION TO PROBATE COURT TO VACATE AND ANNUL FINAL SETTLEMENT, MADE BY EXECUTOR IN THE PROBATE COURT OF MOBILE, DURING THE LATE WAR, AND TO COMPEL EXECUTORS TO FILE ACCOUNTS FOR SETTLEMENT, &C. ]

1. *Final settlement of executor, made in* 1864 *; force and effect of.*—A judgment or decree of final settlement, made by executors in 1864, in the probate court of the rebel State government, is not void, but has the force and effect of a foreign judgment ; and, if carried into effect, is a protection to the executor, until impeached for fraud, or avoided by some legal proceeding for that purpose.

2. *Same ; petition to set aside ; what plea a good defense to.*—An answer to a petition filed in the probate court by the heirs-at-law and legatees, to set aside and declare such decree of final settlement void, because made by a probate court of the rebel government, that said decree was regularly and duly made, &c., and had been fully carried into effect, is, as a plea, a good defense to such petition. A replication to such a plea, that said decree was made after the State of Alabama had seceded, &c., and by a court that denied all allegiance to the government of the United States, is bad on demurrer.

APPEAL from Probate Court of Mobile.
Tried before Hon. G. HORTON.

THIS was a petition to the probate court of Mobile, by Thos. H. Griffin and others, the heirs-at-law and devisees of James McDevitt, deceased, praying that the final settlement of said estate, made by the executors of McDevitt, in the probate court of Mobile, in the year 1864, be set aside and declared null and void, and that the executors be cited to file their accounts for final settlement, &c.

The petition states, in substance, that McDevitt, a resident citizen of Mobile, died in Mobile in the year 1854, leaving a last will and testament, and a large estate in real property, and a considerable amount of personal property ; that said will and testament was duly admitted to record and to probate ; that the executors appointed by said will qualified as required by law, and were empowered by said will to manage and control said estate for ten years, and to

sell the personal property and part of the realty, and invest the proceeds safely, and apply the interest to the support of the infant children of testator.

The petition further states, that before the late war the executors sold property, and realized of the funds of the estate large sums of money ; that the real estate sold at much less than its valuation by the inventory, and was purchased, directly or indirectly, by one of the executors, and ever since held by him ; that during the recent war, the said executors made what is called a final settlement in the probate court of Mobile, showing a balance in the hands of the executors, which was paid to the guardian of McDevitt's children.

The petition further alleges " that all of said proceedings were made while the children of said McDevitt were infants, and made during the late war between the United States and the State of Alabama, and by a probate court organized by the State of Alabama while a part of the Confderate States, and are void, and the accounts of said estate are open for final settlement, &c. ; that the payment of the balance found due in said supposed final settlement to a guardian appointed by said probate court, during the late war, under the authority of the State of Alabama while part of the Confederate States government, are mere nullities ; that the accounts on file in said Confederate court are mixed up with Confederate currency money credited as valid payments for their full nominal value," &c., &c.

The executors, A. H. Ryland and James Burns, filed a plea in bar of said petition, as follows :   " That before the 19th day of September, 1864, they filed their accounts as executors, &c., in the probate court of Mobile, for a final settlement of all their accounts as executors, &c., of which the parties to the petition had due notice ; that on the 19th day of September, 1864, a guardian *ad litem* having been duly appointed, &c., to defend the rights and protect the interest of the infant heirs and legatees, the probate court, Hon. G. W. Bond judge presiding, proceeded to hear and finally settle the accounts, &c., and on said 19th day of September, rendered a final judgment, whereby it was ascertained that the executors had in their hands the sum of fifty-

eight dollars and ninety-two cents, to be paid over to W. M. McGuire, the guardian of the infant heirs and legatees; and they were further ordered to pay over to said McGuire, guardian as aforesaid, all the assets, real and personal, belonging to said estate; and the excutors did then and there pay over said balance, &c., and hand over all property, both real and personal, to said guardian, in the presence of the court; and thereupon by said court the executors were decreed to be discharged, and were discharged from all further accounting for, and on account of, said estate, which said decree is still of force and unreversed, &c."

To a replication of the petitioners to this plea, that "the proceedings in the plea mentioned were had before a probate court of Mobile county, the only probate court then in existence, organized under the constitution and laws of the State of Alabama, after the secession of the State from the United States, and while it was one of the Confederate States of North America, and not while it admitted allegiance to the constitution and laws of the United States," &c., the court sustained a demurrer and also dismissed the petition, and taxed the petitioners with costs; and hence this appeal.

GEO. N. STEWART, for appellant.

E. S. DARGAN, contra.

[No briefs on file.]

PECK, C. J.—In deciding this case, we shall treat the judgments and decrees rendered by the courts of the rebel State government as standing on the footing and having the legal effect of foreign judgments and decrees.

Foreign judgments, when carried into effect, are a protection to the parties to such judgments.—2 Kent's Com. p. 120, marg.

The judgment of the probate court in this case is not only a final judgment, but was carried into effect immediately after it was rendered. It must be held, therefore, to protect the appellees until it is impeached for fraud, or avoided by some legal proceeding for that purpose; it can

not be declared void by the probate court at the instance of the appellants, upon the ground that it was rendered by a probate court of the rebel government.

If the petition had been filed in time, and framed under ordinance No. 40 of the convention of 1867, entitled, "An ordinance to allow widows, orphans, and others to review the validity of sales and settlements of estates made by guardians, trustees, &c.," adopted February 6th, 1867, (Acts 1868, p. 187,) the said decree of final settlement, we think, might have been re-examined and reviewed in the probate court. But the petition does not seem to be framed with reference to that ordinance, and if it were, the ordinance had expired by its own limitation some months before the petition was filed. This ordinance, of itself, shows the convention did not consider the judgments, sales and settlements referred to, void, but on the contrary, provided how they might be re-examined and reviewed.

It follows, from what is here said, that the judgment of the court below must be affirmed at appellants' costs.