# Sugg's Administrator *v.* Winston's Administratrix.

### *Action on Promissory Note, by Assignee against Assignor.*

1. *Liability of indorser of note not negotiable ; suit against maker.* — A suit against the maker of a note not negotiable, instituted, and prosecuted with reasonable diligence to judgment, in the courts of this State during the late war, is a compliance with the statutory requisition (Rev. Code, § 1851) of suit as a condition to fix the liability of the assignor or indorser.

2. *Confederate judgments.* — Judicial proceedings, had in the courts of this State during the late war, are not void, but are esteemed foreign, or *quasi* foreign judg-

[Sugg's Administrator *v.* Winston's Administratrix.]

ments ; and when fully executed, if no fraud has intervened, they stand on the footing of domestic judgments.

3. *Authentication of record.* — The records of the courts of this State during the late war, having passed into the hands of the corresponding officers of the courts now existing, may be authenticated and proved by those officers, in the same manner as the records of the present courts.

APPEAL from the Circuit Court of Colbert.

Tried before the Hon. JAMES S. CLARK.

This action was brought by the administrator of William Sugg, deceased, against the administratrix of Isaac Winston, deceased ; was commenced on the 31st September, 1867, and was founded on a promissory note, of which the following is a copy : —

" $225.75.         TUSCUMBIA, ALA., *Jan.* 2, 1860.

" One day from date, for value received, I promise to pay Peet & Winston two hundred and twenty-five $\frac{75}{100}$ dollars. Witness my hand and seal.      W. S. MHOON. [L. S.] "

This note was transferred by the payees to said Isaac Winston, defendant's intestate, by written indorsement, in these words : " Transferred to Isaac Winston, Sept. 24th, 1860, and waive suit," and was afterwards transferred by said Isaac Winston, by written indorsement, to plaintiff's intestate ; but the date of this last indorsement is not shown by the record, though it was averred in the complaint to have been made in January, 1861. The original complaint averred that " suit has been brought upon said note, according to law, to charge the said maker, judgment obtained thereon, execution issued according to law, and returned no property found ; " while the amended complaint averred that suit could not be brought against the maker to the first term of the court next after the date of said indorsement, " by reason of the rebellion and insurrection then existing in the State of Alabama ; " and that before a court was held in the county, to which he could be sued, " said maker had left the State of Alabama, and had no known place of residence in the State of Alabama, and could not be sued to insolvency." The defendant pleaded the general issue, " in short by consent," and the statute of non-claim ; and issue was joined on these pleas.

On the trial, as the bill of exceptions shows, the plaintiff read in evidence, without objection, the note and indorsements thereon, and then offered in evidence a transcript from the records of the Circuit Court of Franklin County, duly certified by the clerk of said court, containing the proceedings had in an action at law instituted by said William Sugg, plaintiff's intestate, against said W. S. Mhoon, the maker of said promissory note. That action was founded on said promissory note, and was commenced on the 22d day of February, 1861, and

judgment by default was rendered on the 23d September, 1861. Executions on this judgment were regularly issued in 1861, 1862, and 1863, and were returned "Stayed by operation of law." In March, 1867, the suit was revived in the name of the personal representative of the deceased plaintiff, and an execution on the revived judgment was returned on the 12th September, 1867, "No property found liable to this execution." The court excluded said transcript, on motion of the defendant, "and would not permit plaintiff to use it as any evidence in the cause ; " to which ruling the plaintiff excepted, and was compelled thereby to take a nonsuit ; and he now assigns this ruling of the court as error, and moves to set aside the nonsuit.

J. B. MOORE, for appellant.

STONE & CLOPTON, contra.

BRICKELL, J. — The contract of an assignor of paper not commercial is, under our statutes, conditional, and cannot ripen into an absolute undertaking, except upon the performance of the conditions prescribed, or the allegation and proof of the facts excusing performance. The condition prescribed, when the amount due on the contract is, as in this case, over fifty dollars, is a suit against the maker, in the county of his residence, to the first court to which suit can be properly brought, after making the indorsement or assignment; and, if judgment is obtained, execution must be issued, returnable to the next court thereafter, and his inability to answer such judgment proved by the return of "no property found." R. C. § 1851. The suit against the maker, prosecuted to judgment, is provable by the production of the record properly authenticated. *Kain* v. *Walke*, 12 Ala. 184. Irregularities or errors in the prosecution of suit against the maker, or in the rendition of judgment, to which he submits, are not available to the assignor, when the enforcement of his liability is sought. *Kain* v. *Walke*, supra ; *Schaefer* v. *Adler*, 14 Ala. 723 ; *Brown* v. *Johnson*, 42 Ala. 208.

The record of the suit against the maker, commenced and prosecuted to judgment in the Circuit Court of Franklin County, in 1861, should have been received in evidence. If that was the county of the residence of the maker, and he submitted to the jurisdiction of that court, it is not for the assignor, in avoidance of his liability, to question the validity of the judgment. It was capable of enforcement by execution against the maker, if he interposed no objection. If the judgment had been executed, its execution could not be subsequently dis-

[Sugg's Administrator *v.* Winston's Administratrix.]

turbed.  *Griffin* v. *Ryland*, 45 Ala. 688.  If Franklin County was the county of the residence of the maker, there was no other court than the one in which the suit was commenced and prosecuted to judgment in which suit could have been brought; and if the judgment of that court could be deemed a nullity, then we would be compelled to hold the assignee discharged from the necessity of suit against the maker.  In that event, the suit would have been an impossibility, and the maxim would be applied, *Lex non cogit ad impossibilia.*

2. If the Circuit Court, in the rejection of the record as evidence, proceeded on the supposition that judicial proceedings had in this State during the war were void, it misconceived the decisions of this court.  Such proceedings are not void, but are by the law of this court esteemed as foreign, or rather *quasi* foreign.  If fully executed, and no fraud has intervened, they stand on the footing of domestic judgments.  *Griffin* v. *Ryland, supra; Mosely* v. *Tuthill,* 45 Ala. 651; *Martin* v. *Hewitt,* 44 Ala. 418; *Bibb & Falkner* v. *Avery,* 45 Ala. 651.  If such proceedings were instituted during the war, and were transferred to the courts organized after the restoration of peace, under the authority of the United States, and ripen into judgment, the judgment is purely domestic.  *Wilson* v. *Isbell,* 45 Ala. 142.  It cannot be doubted that if the maker, when he is properly suable, resides in a foreign jurisdiction, the assignee may there sue him ; and if with reasonable diligence the suit is prosecuted to judgment, the requirements of the statute would be satisfied.  In every point of view, the suit against the maker must be deemed a compliance with the diligence demanded by the statute.

3. The transcript of the record was certified by the clerk of the Circuit Court of Franklin County, in accordance with the statute (R. C. § 2695) prescribing the mode of authenticating the records of the courts of this State.  This statute we have held applicable to judicial proceedings during the war.  The keeper of the records of the courts, now exercising the authority and jurisdiction of the courts existing during the war, is the legal custodian of the records of the latter courts, and authorized to authenticate them as instruments of evidence to be used in other courts.  *Green's Administrator* v. *Scarborough,* January Term, 1873, *ante,* p. 137.

The Circuit Court erred in its rulings ; the nonsuit is set aside, and the cause is remanded for a new trial.