# Clark *et al. v.* Bernstein.

*Bill in Equity to set aside Sale of Decedent's Lands under Probate Decree, or have Lands resold for Payment of Purchase Money.*

1. *Plea of res adjudicata, as defence in equity.* — Generally, equity will not assume jurisdiction, in favor of parties who have had an opportunity of asserting their rights in another court, where the matter was properly the subject of adjudication.

2. *Sale of decedent's lands for payment of debts; jurisdiction of court, and irregularities in proceedings.* — *Held,* on the authority of *Satcher* v. *Satcher's Adm'r* (41 Ala. 26), that where a petition for the sale of a decedent's lands is filed in the Probate Court by the administrator, alleging a statutory ground of sale, and the order of sale recites that the allegations of the petition were proved by depositions taken as in chancery cases, the order of sale and the sale cannot be declared void on account of any defects or irregularities in the proceedings.

3. *Confederate judgments and decrees.* — Where the sale and conveyance of a decedent's lands, under orders of the Probate Court, were made and completed in 1863, the insurrectionary character of that court at the time cannot, of itself, be held to vitiate the proceedings.

4. *Confederate currency as payment of purchase money for land sold under probate decree in* 1863. — Where a decedent's lands were regularly sold under a probate decree in 1863, and a conveyance executed to the purchaser, who paid the purchase money presently in Confederate treasury notes, which were applied in payment of the widow's dower interest, and in part satisfaction of a mortgage on the lands, due in February, 1861; and these payments were so made in pursuance of a verbal agreement, entered into before the sale, between the administrator, the mortgagee, the widow, and the purchaser, — equity will not now disturb the transaction, at the suit of the administrator *de bonis non* and the heirs-at-law, since substantial justice has been done.

APPEAL from the Chancery Court of Barbour.
Heard before the Hon. B. B. McCRAW.

SEALS & WOOD, W. C. OATES, SHORTER & McKLEROY, and BEN. GARDNER, for the appellants.

JAS. L. PUGH, *contra.*

B. F. SAFFOLD, J. — In April, 1863, some real property belonging to the estate of John W. Clark, deceased, was sold by the administrators, under order of the Probate Court, and purchased by the appellee, Theresa Bernstein. The sale was confirmed, and afterwards, on the report of payment of the purchase money, the administrators were ordered to convey the land to the purchaser, which they did. The appellant, James Clark, as the administrator *de bonis non,* and the other appellants, as the heirs-at-law of the decedent, filed the bill in this case to set aside the sale; or, if that could not be done, to have a resale for the payment of the purchase money. The grounds upon which such relief is claimed are stated to be, the payment of the price in Confederate currency, the rebel character of the probate judge, officially and personally, and various irreg-

[Clark *v.* Bernstein.]

ularities in the judicial proceedings, such as want of notice to the minor heirs, their not being represented, the allegations of the petition for the sale not being proved as in chancery cases, &c.

The appellee, Bernstein, made a defendant, answered — 1st, that the matter had been adjudicated on all of the allegations of the bill, on a motion made by the appellants in the Probate Court to set aside the sale, in the refusal of that court to sustain the motion ; 2d, that the record of the Probate Court showed a valid petition, alleging a proper ground of sale, and an order of sale made after depositions taken as in chancery cases, which facts were conclusive of a sale not susceptible of being set aside as void ; 3d, that, notwithstanding the purchase money was paid in Confederate currency, it was used in the payment of debts and liabilities of the estate, for which the property, and, consequently, the purchase money was specially subject; that such use was made of it, and the price paid was obtained, under an agreement between the said defendant, the administrators, and the persons who were to receive it, at the time of the sale, by which the estate realized the same benefit as if payment had been made in gold or its equivalent. The bill was dismissed, on the ground that the complainants were not entitled to the relief sought.

1. It is unnecessary, under the circumstances of this case, to consider how far the judgment of the Probate Court, dismissing the motion of the appellants to set aside the sale, precludes them from being heard in equity. Generally, equity will not assume jurisdiction, in favor of parties who have had an opportunity of asserting their right in another court, where the matter was properly the subject of adjudication.

2. The petition for the sale filed in the Probate Court averred a statutory ground of sale, to-wit, the insufficiency of the personal estate to pay the debts. The order of sale recites that the allegations of the petition, and of course the necessity of such sale, were proved by depositions as in chancery cases. Under the authority of *Satcher* v. *Satcher* (41 Ala. 26), the sale cannot be declared void for defect in the proceedings.

3. As the sale and conveyance were completed during the war, the insurrectionary character of the Probate Court cannot, of itself, be held to vitiate what was done. *Griffin* v. *Ryland*, 45 Ala. 688.

4. The payment and disposition of the purchase money are the chief matters for consideration. As the land was mortgaged, the only interest which the court could order the sale of was the equity of redemption. If Mrs. Bernstein had purchased without agreement as to the mortgage and the widow's dower, there is no doubt that the whole amount bid by her

[Clark *v.* Bernstein.]

would be referred to the interest which the administrators had a right to sell. *Perkins's Ex'r* v. *Winter's Adm'r*, 7 Ala. 855 ; *Duval's Heirs* v. *McLoskey*, 1 Ala. 708. Neither the Probate Court, nor the administrator, could have applied any portion of it to the satisfaction of the mortgage, or of the widow's claim to dower. The purchaser would have taken the land subject to these incumbrances, by the terms of the sale. Section 2229 of the Rev. Code provides how the widow may assent to the sale of her dower interest, so that the court may so order.

A payment of Confederate money in 1863, in satisfaction of a purchase of land at administrator's sale, unaffected by circumstances, could scarcely be said to have been a payment at all. In equity, the circumstances would be the life of such a case. If substantial justice had been done, the transaction would not. be disturbed. It is proved that, on day of the sale, Mrs. Bernstein was informed of Rivers's mortgage, and declined to buy the land, until the administrator and the said mortgagee agreed with her that the sale should be free of incumbrance. The mortgage debt was due in February, 1861, and, consequently, was entitled to be paid in lawful money. The amount bid by her was not for the interest of the estate alone, but for the absolute title. The money was paid in advance of the time specified, because it would be taken for the mortgage debt and the dower interest of the decedent's widow. It was so disposed of, and was not sufficient to satisfy the mortgage. There was no inadequacy in the nominal price.

Is there any reason why the agreement of these parties cannot be sustained ? It was not in writing. But under it she possessed the property. A mortgage is a chattel, and may be released for a consideration without writing. The payment of the debt extinguishes it. The widow's interest was a life estate in a portion of the land. When she received the commutation ascertained by statute, and Mrs. Bernstein was at the time in possession of the interest, did not the latter acquire such a title as equity will protect ?

It may be said that the Probate Court could not have dealt with the complications thrown around the sale ; that it would have been obliged to ignore the agreement with the mortgagee, and the understanding about the dower, and to hold the purchaser bound to the estate alone for the whole price bid. No doubt the course taken ought to be discouraged, and, perhaps, held invalid, even in equity, under ordinary circumstances. But, at the time these things occurred, the circumstances were extraordinary. If Mrs. Bernstein had bid a nominal price for the interest of the estate, and had then satisfied the claims of the dower and mortgage as she did, these matters would have influenced the court to confirm the sale, as the incumbrances

were equal to, if not greater than the value of the property. Can it be said that the heirs are injured, or the administrator, by what was done? Would not equity require them to refund to Mrs. Bernstein the full value of the mortgage debt, and of the dower interest, and not simply the value of the Confederate currency? If damage has been done by the payment made, the sufferers are the mortgage creditor and the widow.

The decree is affirmed.