# Tarver v. Tankersley.

*Citation to Administrator for Final Settlement of Accounts.*

| 51 | 309 |
|----|-----|
| 98 | 453 |

1. *Judgments rendered during late war.* — Following the decision of the supreme court of the United States (*Horn* v. *Lockhart*, 17 Wallace, 570), this court now holds, that judgments rendered by the courts of this State during the war, " so far as they did not impair, or tend to impair, the supremacy of the national authority, or the rights of citizens under the constitution, are to be treated as valid and binding."

2. *Conclusiveness of probate decree on final settlement of decedent's estate.* — A decree of the probate court, rendered on the final settlement of an intestate's estate

at the instance of the administrator, which ascertains each distributee's share of the assets remaining in the hands of the administrator, renders decrees against the administrator for the several sums thus ascertained, and recites payment of these several sums by the administrator, either to the distributees or their guardians, and that thereby the decrees are satisfied and discharged, — is final and conclusive, and may be pleaded in bar of a citation to make another settlement, although it does not order that the administrator be discharged.

APPEAL from the Probate Court of Montgomery.

In the matter of the estate of George W. Tarver, deceased, on a citation issued at the instance of Nancy Tarver and others, distributees of said estate, against F. M. T. Tankersley, the administrator, requiring him to appear and make a final settlement of his administration. The citation was issued on the 18th March, 1872, and was duly served; and on the day appointed, the 19th April, 1872, the administrator appeared, and, without filing any account, pleaded five pleas in bar, setting up in each a decree rendered by said probate court, on final settlement of said estate, on the 4th August, 1863, and the payment by him of the several distributive shares as thereby ascertained. The distributees demurred to these several pleas, because none of them alleged or showed that the administrator was thereby discharged, but their demurrers were overruled; and they then took issue on the pleas, and went to trial before the court. On the evidence adduced, the court found the issue in favor of the administrator, and rendered judgment accordingly, discharging him from further accounting, and imposing the costs of the proceeding on the distributees at whose instance it was instituted. The ruling of the court on the demurrers, and the final decree, to which an exception was reserved by the distributees, are now assigned as error.

The said decree of August 4th, 1863, is as follows: "The application of F. M. T. Tankersley, administrator of the estate of George W. Tarver, deceased, for the allowance of his accounts and vouchers for a final settlement of said estate, coming on for a hearing; and it appearing that notice of this settlement and the day set for the hearing thereof has been given, by publication for three successive weeks in the *Montgomery Advertiser*, a newspaper published in said county of Montgomery, notifying all persons interested to be and appear before a court to be held on the 4th August, 1863, to show cause why said account should not be allowed; and now comes D. P. Lumpkin, guardian *ad litem* of all the minor heirs, and denies and contests the said account; whereupon the court proceeds to examine said account, and finds the same to be correct; and it is therefore ordered, adjudged, and decreed, that said account be allowed. And it appears from said account, thus allowed, that there is a balance due of $892.58; of

[Tarver v. Tankersley.]

which said amount, Mrs. Sarah Tarver, the widow, is to receive one fifth part, or $178.50; and it is therefore ordered, that said Sarah Tarver recover of said administrator said sum of $178.50. But, said Sarah Tarver having acknowledged a credit of $100, and a receipt in full for the balance, it is ordered that said judgment be entered satisfied and discharged of record. It is ordered, also, that Hampton Tarver recover of said administrator the sum of $102.01, for which execution may issue; but said Hampton Tarver, coming into open court, acknowledges a credit of $100, and a receipt in full for the balance; and it is therefore ordered, that said judgment be entered satisfied and discharged of record," &c.; and similar orders were made in the case of each distributee.

ELMORE & GUNTER, for appellants. — 1. The pleas no-where showed that the administrator was discharged by the decree from further accounting, although distribution was made of all the assets in his hands. This was necessary to protect him against liability to another settlement. *Harrison* v. *Harrison*, 39 Ala. 502; *Simmons* v. *Price*, 18 Ala. 407; *Matthews* v. *Douthitt*, 27 Ala. 273.

2. The settlement set up as a bar in this case was rendered during the war, and, consequently, is not conclusive. *Martin.* v. *Hewitt*, 44 Ala. 418; *Moseley* v. *Tuthill*, 45 Ala. 621; *McSwean* v. *Faulks*, 46 Ala. 610; *Johnson* v. *Autrey*, at January term, 1872.

WATTS & TROY, with SAYRE & GRAVES, *contra.* — 1. If the settlement of August, 1863, had been made by a " loyal " court, it would have been final and conclusive until reversed on error or appeal, or set aside for fraud by some competent tribunal. *Watt* v. *Watt*, 37 Ala. 543; *Modawell* v. *Holmes*, 40 Ala. 391; *Horn* v. *Bryan*, 44 Ala. 496; *Chappell* v. *Williamson*, at January term, 1873; *McGehee* v. *Lomax*, at January term, 1873.

2. That decree was, under the latest decisions of this court, at least the judgment of a foreign court, which is valid until set aside or reversed. *Griffin* v. *Ryland*, 45 Ala. 688; *Foster* v. *Moody*, at June term, 1872; *McGehee* v. *Lomax*, at January term, 1873; *Bibb & Falkner* v. *Avery*, 45 Ala. 688. The latest decisions of the supreme court of the United States, which are conclusive on this court, place such judgments on higher ground, and hold them to be valid and binding, except when they contravene some provision of the constitution or laws of the United States. *Horn* v. *Lockhart*, 17 Wallace, 570.

[Bogan v. Daughdrill.]

PETERS, C. J. — The facts set up in the pleas in this case are substantially the same as those which were presented by the petition in the case of *Griffin* v. *Ryland*, 45 Ala. 688. In that case, the judgments of the rebel courts were placed on the footing of foreign judgments. In a recent case before the supreme court of the United States, Justice FIELD, as the organ of the court, said : " We admit that the acts of the several states in their individual capacities, and of their different departments of government, executive, judicial, and legislative, during the war, so far as they did not impair, or tend to impair the supremacy of the national authority, or the rights of citizens under the constitution, are in general to be treated as valid and binding." *Horn* v. *Lockhart*, 17 Wallace, 570. The pleas show that there was a final settlement of Tankersley's administration of Tarver's estate, regularly made, in the rebel court of probate, and a distribution of the residue remaining in the hands of the administrator among the persons who were entitled to the same, and that the several distributive shares thus ascertained were fully paid. This discharged the administrator from further accounting, particularly as this proceeding does not appear to have been instituted under Ordinance No. 40 of the convention of 1867, entitled " An ordinance to allow widows, orphans, and others to review the validity of sales and settlements of estates made by guardians, trustees," &c., passed February 6, 1867. Acts 1868, pp. 187–8; 45 Ala. 688, 691. The answers to the plea do not show that any right of the appellants, under the constitution of the United States, was assailed or disregarded by the act of the rebel court set up in the pleas. In such case, the pleas were sufficient, and the demurrers were properly overruled. On the issues joined, the pleas were fully established by the proof adduced.

The judgment of the court below is affirmed, with costs.