[Lowery v. Daniel, Adm'r.]

# Lowery *v.* Daniel, Admr.

*Action for Money Had and Received.*

98  451
103  619

98  451
d123  144
124  543

98  451
132  266

98  451
137  492

1. *When suit not against defendant as administrator.*—Where suit is brought against a defendant, followed by the words: "adm'r of—dec'd," the word "adm'r," so used, is merely *descriptio personæ,* and the action is against the defendant in person, and not in any representative capacity.

2. *Same.*—A suit against a defendant, as administrator of a designated estate, is against him only in such representative character.

3. *Same.*—A complaint "for money had and received," purporting to be against defendant, "adm'r," of an estate, is an action against him individually, since there can be no action at law of that kind against an administrator, as such.

4. *Demurrer to plea for failure to aver that administrator had filed his account for final settlement*—Where an administrator is sued on an account against his intestate, and pleads that he had made a final settlement of the estate, and been discharged, a demurrer that the plea fails to aver that the administrator had filed his accounts for final settlement in the Probate Court, is not well taken.

5. *Amendment properly disallowed.*—In a suit against a party in person, on the common counts, for money had and received, an amendment which claims a balance in his hands as administrator, ascertained by a decree of the Chancery Court, is properly disallowed.

APPEAL from Crenshaw Circuit Court.

Tried before the Hon. JOHN P. HUBBARD.

This was an action for money had and received, brought by the appellant, Robert Lowery, against "E. J. Daniel, Adm'r. of W. J. Daniel, dec'd." claiming one hundred and twelve and seventy-two hundredths dollars, "money had and received by the defendant, to and for the use of the plaintiff." The defendant, for answer, pleaded that he had been appointed the administrator of said W. J. Daniel's estate, but had, before the comencement of this suit, made a final settlement of his trust, and had been, by final decree of the Probate Court, discharged from said administration; and, that there were no assets of said estates remaining in his hands. To this plea, the plaintiff demurred, on the ground, that the plea failed to aver, that said defendant filed his account, as administrator of said estate, in the Probate Court of Crenshaw county, for a final settlement of his administration. The court overruled the demurrer. The plaintiff offered to amend his complaint by adding the following count: "The plaintiff further claims of the defendant, as

[Lowery v. Daniel, Adm'r.]

such administrator, one hundred and twelve dollars, as ascertained balance in the hands of said defendant, as such administrator, by a decree of the Chancery Court of said county of Crenshaw, on the 24th day of January, 1890, which amount is still due and unpaid." The court refused to allow this amendment, and the plaintiff declining to plead further, discharged the defendant, and rendered a judgment for costs against the plaintiff. Appellant assigns the overruling of his demurrer, and the refusal by the court of his amendment to his complaint, as error.

GAMBLE & BRICKEN, for appellant.

I. H. PARKS, for appellee.

HARALSON, J.—The summons and complaint in this case, each describes the defendant as, "E. J. Daniel, Admr. of W. J. Daniel, decd." The complaint is, "Robert Lowery, plaintiff, v. E. J. Daniel, admr. of W. J. Daniel, decd." "The plaintiff claims of the defendant, the sum of one hundred and twelve 72-100 dollars, money had and received by defendant at divers times, to-wit: (specifying the dates when received), to and for the use of the plaintiff, with interest thereon."

The suit, it will be observed, is not against the defendant, *as administrator*, but against him, individually—the word, administrator, after his name, being merely *descriptio personæ,—Westmoreland v. Foster,* 60 Ala. 449 ; *Buckley v. Wilson,* 56 Ala. 395 ; *Lucas v. Pittman,* 94 Ala. 616.

Besides, the complaint is, for "money had and received by defendant, to and for the use of plaintiff." This is a complaint against the defendant, individually ; for such a thing as an administrator receiving money for the use and benefit of another, and being accountable to him for it, in an action at law against him, in his representative capacity, is not known to our law. An administrator in the discharge of his duties, can receive nothing which did not belong to his intestate, and which does not enter properly, into the administration of his estate. He must collect the debts owing to the estate, pay the claims against it, in the order of their preference, and the residue, if any, distribute among the persons entitled thereto, according to law. If he goes further, and proceeds out of this order, he does so at his individual risk.—1 Brick. Dig., 937, § 609.

The defendant filed a plea which had no relevancy to a suit against him, as an individual. But, treating the action

as one against him, as administrator, he pleaded, in substance, that before the commencement of this suit, on the 12th of January, 1890, he made a final settlement of his trust, as administrator of the estate of W. J. Daniel, in the Probate Court of Crenshaw, by which court he had been appointed administrator, on the 19th of January, 1888, and had fully administered said estate; that there were no assets in his hands to be delivered to a successor, and that the court made a final decree discharging him from said administration.

The plaintiff, treating the case as one against the defendant, as administrator, demurred to this plea, on the ground, that "it fails to aver that defendant filed his account as administrator of said estate, in the Probate Court of said county, for a final settlement of his administration of said estate, and that said decree of said Probate Court was rendered on final settlement of said estate in said account filed by defendant as such administrator." There is evidently some mistake about the language of this demurrer, as it appears in the record. It is inconsistent with, and contradictory of itself, in that it avers, no account was filed, and yet, states that the decree was rendered "in said account filed by defendant." We take it, the substance of the demurrer is, that defendant failed to aver in his plea, that he filed an account for final settlement of his administration of said estate.

If the plea were one to a suit against an administrator, it would have been well, if it had averred, either, that the defendant had resigned and made a final settlement of his administration, accounting for the assets coming to his hands; or, that the estate was insolvent and had been settled by him, as such; or, being solvent, the remainder in his hands, after paying all claims presented or filed, had been distributed to those entitled; or—as a part of the plea, and not in a separate plea, as was done here—that the plaintiff had failed to present or file his claim within eighteen months, as required by law, and then to have averred further, that he had made a final settlement of the estate, and that the court had made a decree discharging him as administrator, from the further administration of said estate, and that this was before the commencement of the suit against him. See *Norman v. Norman*, 3 Ala. 389; *Thrash v. Sumwalt*, 5 Ala. 15; *Gayle v. Elliott*, 10 Ala. 264; *Simmons v. Price*, 18 Ala. 405; *Chappell v. Williamson*, 49 Ala. 153; *Cogburn v. McQueen*, 46 Ala. 551; *Tarver v. Tankersley*, 51 Ala. 309; *Waring v. Lewis*, 53 Ala. 616; *Ligon v. Ligon*, 84 Ala. 555; Schouler on Ex'rs & Adm'rs, §§ 528, 526 and note; 2 Woerner on Adm'rs § 572.

[Chambers v. Chambers.]

Be that as it may, and still treating the plea as one filed to a suit against an administrator, the demurrer, as for the ground assigned, is bad; for, if the mere allegation of a failure to file an account were all, and the plea were otherwise sufficient, that failure of averment alone would not render it defective.

The amendment proposed by plaintiff to the complaint was properly disallowed. If everything alleged in the count proposed to be added to the complaint were true, it does not appear that the money belonged to the plaintiff, but that it belonged to the estate. It could never be plaintiffs until it reached him, through due process of administration.

This, then, leaves the case in this condition before us: The complaint is against the defendant as an individual, on a cause of action which is not maintainable against him, as an administrator. He interposes pleas, such as are applicable to a suit against an administrator, and not to one against an individual. The plaintiff, treating the pleas as responsive to the complaint, but one of them as insufficient, demurs to it, which demurrer is properly overruled. The plaintiff declines to demur further, or to make further response to, or join issue on the plea, and judgment is rendered against him for the costs of the suit.

The assignment of errors are for the overruling of said demurrer, and the refusal of the court to allow the amendment to the complaint as proposed.

In this rather anomalous condition of affairs, the plaintiff having declined to prosecute his suit further, the judgment was properly rendered against him for costs.

Affirmed.